# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JUAN GILBERTO FRANCO-MONSERRATE,

    Petitioner,

v.                                     CASE NO. 22-3161-JWL

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for Sentence Reduction (Doc. 1). The motion seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Because the motion is not properly filed in this Court, this matter is dismissed.

**Background**

An online search of the Kansas Adult Supervised Population Electronic Repository ("KASPER"), shows that Petitioner is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. He is serving a state sentence imposed in Shawnee County Case No. 15-CR-1538.[1] This is the case number that Petitioner lists as his criminal case on his motion. A Kansas District Court Records Search shows that: Petitioner was convicted in Shawnee County District Court; his motion for a new trial was denied on July 17, 2017; he was sentenced on September 8, 2019; the Kansas Court of Appeals affirmed on March 8, 2019; and the Kansas Supreme Court denied review on December 6, 2019. *State v. Franco-Monserrate*, Case No. 2015-CR-001538, filed August 14, 2015 (Shawnee County District Court); *see also State v. Franco-Monserrate*, Case No. 118,573, 2019 WL 1087142 (Kan. Ct. App. March 8, 2019), *rev.*

---

[1] *See* https://kdocrepository.doc.ks.gov/kasper/search/results (last visited August 4, 2022).

*denied* December 6, 2019.

**Analysis**

Section 3582(c)(1)(A) of Title 18 of the United States Code, the federal compassionate release statute, permits a district court to "reduce [a] term of imprisonment" of inmates in federal custody "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Federal prisoners alleging entitlement to compassionate release under the statute must bring such a claim pursuant to a motion filed with the sentencing court. *Bradin v. Thomas*, Case No. 19-3041-JWL, 2019 WL 3066424, at *10 (D. Kan. July 12, 2019).

Because this Court is not Petitioner's "sentencing court," the motion is not properly filed with this Court. However, that is not Petitioner's only obstacle to relief under § 3582(c)(1)(A). Petitioner is in state custody serving a state, and not a federal, sentence. This Court "does not have authority to order a compassionate release from state custody, which is a matter of state law." *Herrera v. Johnson*, Case No. 1:21-CV-89-TC, 2021 WL 5051370, at *3 (D. Utah Nov. 1, 2021) (citing *Puerner v. Smith*, No. 09-C-1051, 2009 WL 4667996, at *2 (E.D. Wis. Dec. 3, 2009); *see also Teague v. Colorado*, No. 20-CV-1425-PAB, 2020 WL 3429153, at *5 (D. Colo. June 22, 2020); *Williams v. Keiser*, No. 17-CV-1040, 2020 WL 2028256, at *2 (W.D.N.Y. Apr. 28, 2020) (denying motion for compassionate release when inmate in state custody); *United States v. Tillisy*, No. CR13-310 RSL-MLP, 2020 WL 1904045, at *2 (W.D. Wash. Apr. 17, 2020) (same)); *see also White v. Wells*, No. 5:16-HC-2188-BO, 2018 WL 1570807, at *2 (E.D. N.C. March 30, 2018) ("The federal statute permitting compassionate releases, 18 U.S.C. § 3582(c)(1), applies to federal

sentences and not state sentences.") (citations omitted); *Carter v. Pate*, C.A. No. 8:10-525-HMH-BHH, 2010 WL 1643286, at *3 (D. S.C. April 22, 2010) (where plaintiff was sentenced in state court for a state law violation, "there is no remedy for a reduction in sentence under 18 U.S.C. § 3582, which applies to federal sentences").

Because this Court does not have the authority to order Petitioner's compassionate release from state custody, this matter must be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) and Motion to Appoint Counsel (Doc. 3) are **denied as moot**.

**IT IS SO ORDERED**.

**Dated August 5, 2022, in Kansas City, Kansas.**

**S/    John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**